IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILLIP VILLANUEVA,

    Petitioner,

vs.

MIKE EVANS,

    Respondent.

No. CIV S-07-2281 WBS CHS P

<u>FINDINGS AND RECOMMENDATIONS</u>

## I. INTRODUCTION

Petitioner Phillip Villanueva is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. At issue is the sentence imposed by the San Joaquin County Superior Court in case SF080811A for his convictions of second degree robbery and obstructing a police officer.

## II. BACKGROUND

The following facts are drawn from an unpublished opinion of the California Court of Appeal, Third District. Petitioner is the defendant referred to therein.

> On November 13, 2000, shortly after midnight, Abel Lopez Martinez was working alone and cooking donuts at Yum Yum Donuts.
>
> Defendant, who had been drinking, entered and asked Martinez for

|  |  |
|---|---|
| 1 | change to use the telephone. Martinez replied that he had no change. When defendant continued to ask for change, Martinez ignored him. Defendant became "furious," causing Martinez to tell defendant to leave. Defendant then jumped over the counter and told Martinez to "[o]pen the cash register and give me everything that you have." Martinez replied that he could not open the register. |
| 2 | |
| 3 | |
| 4 | |
| 5 | In fact, to avoid robberies, Martinez had removed most of the cash from the cash register and placed it under the counter, leaving about $40 in the register. Defendant saw it and tried to grab the money under the counter, but Martinez quickly retrieved it and put it in his pocket. Defendant advanced toward Martinez and demanded that Martinez give him the money now in Martinez's pocket. After Martinez grabbed a rolling pin and threatened to hit the defendant if he refused to leave, the defendant headed toward the front door. |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | Although the record is not clear, at some point, defendant attempted to grab some chewing gum, and Martinez struck defendant's hand. |
| 11 | |
| 12 | Suddenly realizing that the donuts that he was cooking would burn if they were not immediately turned, Martinez put down the rolling pin and went to turn the donuts. But while Martinez was turning the donuts, defendant returned to the counter, grabbed the cash register, and ran out the back door. Martinez chased defendant for about a block, but gave up the chase when he realized that the shop and the donuts had been left unprotected. |
| 13 | |
| 14 | |
| 15 | |
| 16 | Defendant was apprehended by police a short time later following a chase. |

(C038744 opinion[1] at 1-2.).

A jury convicted petitioner of second degree robbery and obstruction of an officer in the performance of his or her duties. The trial court found separately, for sentence enhancement purposes, that he had two serious or violent felony convictions and that he had served a prior prison term.

Although eligible, petitioner was not sentenced as a third strike offender pursuant to the state's habitual criminals or "three strikes" law. *See* Cal. Penal Code §667. Instead, the trial court exercised it's discretion to strike one of his two prior felony convictions pursuant to

---

[1] Maintained in this record as Lodged Doc. 1 (4/25/08).

*People v. Superior Court (Romero)*, 13 Cal.4th 497 (1996). A sentence of 20 years was imposed. Both petitioner and the San Joaquin County District Attorney appealed. The California Court of Appeal, Third District, affirmed the convictions, vacated the sentence, and remanded the matter for re-sentencing after agreeing with the district attorney that the trial court had abused its discretion in striking one of the prior serious felony convictions.

Upon re-sentencing as a third strike offender, petitioner received a term of 25 years to life. In addition, the court imposed two five-year enhancements, one for each of his two prior convictions. On petitioner's second direct appeal, the state appellate court struck one of the five-year enhancements, finding that his two prior convictions were not "brought and tried separately" within the meaning of Cal. Penal Code §667(a)(1). The total sentence ultimately imposed was 30 years to life.

### III. ISSUES RAISED

In this petition, it is alleged that (A) the California Court of Appeal erred in remanding the case for petitioner to be sentenced as a third strike offender; and (B) the trial court committed reversible *Blakely* error when it enhanced petitioner's sentence based on two prior convictions without submitting the issue whether his two prior convictions were "brought and tried separately" to a jury for proof beyond a reasonable doubt. For the reasons that follow, no relief is available on either claim.

### IV. APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

An application for writ of habeas corpus by a person in custody under judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. §2254(a); *see also Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1993); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (*citing Engle v. Isaac*, 456 U.S. 107, 119 (1982)). This petition for writ of habeas corpus was filed after the effective date of, and thus is subject to, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also Weaver v. Thompson*, 197 F.3d 359 (9th Cir. 1999). Under

1 AEDPA, federal habeas corpus relief also is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001).

IV. ANALYSIS OF PETITIONER'S CLAIMS

A. Application of the Three Strikes Law to Petitioner's Sentence

Petitioner first alleges that the California Court of Appeal erred when it held, in case number C038744 (his first direct appeal), that the trial court had abused its discretion in striking one of his prior serious felony convictions pursuant to the holding of the California Supreme Court in *People v. Superior Court (Romero)*, 13 Cal.4th 497 (1996). Petitioner alleges that he was improperly re-sentenced as a third-strike offender under California's habitual criminals or "three strikes" law following the remand by the appellate court.

This claim relates solely to the application a state sentencing law and presents no federal question. Absent fundamental unfairness, federal habeas corpus relief is not available for a state court's misapplication of its own sentencing laws. *Estelle*, 502 U.S. at 67; *Middleton v. Cupp*, 768 F.2d at 1085; *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1989) (petitioner not entitled to habeas relief on claim that state court improperly used prior federal offense to enhance punishment); *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (claim that prior conviction was not "serious felony" under California sentencing law not cognizable in federal habeas corpus proceeding). Because there was no violation of the Constitution or laws of the United States, petitioner is not entitled to relief.

/////

B. *Blakely* Claim

Upon re-sentencing after remand by the California Court of Appeal, petitioner's third strike sentence was subject to "a five-year enhancement for each such prior conviction on charges brought and tried separately." Cal. Penal Code §667(a)(1). Petitioner alleges that he was entitled to have the issue whether his two prior convictions were "brought and tried separately" submitted to a jury for proof beyond a reasonable doubt pursuant to the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). As set forth above in the background section, however, the California Court of Appeal struck one of the two prior convictions in case C046142, petitioner's second direct appeal. (C046142 opinion at 5 n.8) Consequently, the state appellate court did not specifically address petitioner's *Blakely* claim. ("Because we are striking one of the five-year enhancements, we need not consider defendant's claim that pursuant to *Blakely v. Washington* he is entitled to have the issue of whether the priors were brought and tried separately determined by a jury beyond a reasonable doubt") (internal citation omitted"). The sentence petitioner is currently serving was enhanced based on only one of his two prior convictions. (C046142 opinion at 5) ("The 10-year enhancement for the two prior felony convictions is reduced to a single five-year enhancement.") Accordingly, there is no existing case or controversy regarding whether the two convictions were brought and tried separately for enhancement purposes. This claim is moot. *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

V. CONCLUSION

For all the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

1 | shall be served and filed within ten days after service of the objections.  The parties are advised
2 | that failure to file objections within the specified time may waive the right to appeal the District
3 | Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 1, 2009

_____
CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE